IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TEXAS
BEAUMONT DIVISION

No. 1:01-CR-69

United States of America

v.

Darnell Demarcus Warren            Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Revised Petition for Warrant or Summons for Offender Under Supervision," filed December 28, 2004, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States magistrate judge.

## I.  The Original Conviction and Sentence

Defendant was sentenced on January 21, 2002, before The Honorable Howell Cobb, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Possession with intent to distribute cocaine in an amount of less than 5 grams within 1,000 feet of a public school, a Class B felony.  This offense carried a statutory maximum imprisonment term of 40 years.  The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of III, was 37 to 46 months.  Defendant was subsequently sentenced to 37 months imprisonment followed by 6 years supervised release subject to the standard conditions of release, plus special conditions including drug aftercare; shall not commit any offense against a foreign state or nation; obtain a GED and a $100 special assessment.

## II.  The Period of Supervision

On April 7, 2004, defendant completed his period of imprisonment and began service of the supervision term.  Defendant's case was later reassigned to The Honorable Ron Clark, U.S. District Judge for the Eastern District of Texas.

## III.  The Petition

United States Probation filed the pending Revised Petition for Warrant or Summons for Offender Under Supervision on December 28, 2004.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests |

|                      |                                                                              |
|----------------------|------------------------------------------------------------------------------|
|                      | thereafter, as directed by the probation officer.                            |
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime.           |

As grounds, the petition alleges that defendant committed the offense of robbery and defendant submitted urine specimens which tested positive for controlled substances on April 19, 2004, May 26, 2004, May 28, 2004, July 2, 2004 and July 21, 2004..

### IV. Proceedings

On January 26 2009, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant agreed to plead "true" to the allegations of committing the offense of robbery and failing to abstain from use of controlled substances while on supervised release. The parties further agreed that the court should revoke defendant's supervised release and impose imprisonment for a period of 12 months and one day, with a 2 year term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegations that while on supervised release he committed the offense of robbery and failed to abstain from the use of controlled substances by submitting urine specimens on April 19, 2004, May 26, 2004, May 28, 2004, and July 2, 2004, which tested

positive for marijuana and by submitting a urine specimen on July 21, 2004, which tested positive for marijuana, codeine, and morphine.

## V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 3 years.

According to 18 U.S.C. § 3583(g)(4), if, as part of drug testing, defendant tests positive for illegal controlled substances more than three times over the course of one year, the Court shall revoke the term of supervised release and require defendant serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by committing the offense of robbery, defendant will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade A violation and a criminal history category of III, the guideline imprisonment range is 18 to 24 months.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release

by submitting a urine specimen on July 21, 2004, which tested positive for cocaine, defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade B violation and a criminal history category of III, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that defendant violated conditions of supervision by submitting urine specimens on April 19, 2004, May 26, 2004, May 28, 2004, and July 2, 2004, which tested positive for marijuana and by submitting a urine specimen on July 21, 2004, which tested positive for marijuana, codeine, and morphine, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but no more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

According to 18 U.S.C. § 3583(h) and U.S.S.G. § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that defendant be placed on a term of supervised release after imprisonment. The authorized term of supervised release for this offense is not more than at least 6 years.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or

       vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see also</u> 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

### VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

### <u>Findings:</u>

Defendant pleaded "true" to the allegation that he violated mandatory conditions of supervised release by committing the offense of robbery and by failing to abstain from use of illegal controlled substances. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade A, B and C violations with policy guidelines suggesting 18 to 24 months imprisonment upon revocation for the Grade A violation, 8 to 14 months imprisonment upon revocation for the Grade B violation, and 5 to 11 months imprisonment upon revocation for the Grade C violation.

**Conclusion and Justification:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from continued unlawful use of controlled substances. He committed Grade A, B, and C violations consisting of using controlled substances more than three times over the course of one year while on supervised release. Further, defendant committed the additional offense of robbery. As such, a period of incarceration is required, and appropriately addresses defendant's violations. Given that the court may keep defendant under intensive supervision after incarceration, the sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration for a period of 12 months and one day followed by an additional term of supervised release.

### RECOMMENDATIONS

1. The court should find that defendant violated mandatory conditions of supervised release, by committing the offense of robbery and by failing to refrain from unlawful use of controlled substances, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 12 months and one day.

4. Upon release of imprisonment, defendant should be placed on supervised release for a term of two (2) years. Within seventy-two (72) hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office in the district to which defendant is released. While on supervised release, the defendant shall not commit another

federal, state, or local crime, not possesses any unlawful controlled substance, refrain from the use of any unlawful controlled substance and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

    a.    Defendant shall appear and submit to drug testing within 15 days of being released, with two drug tests at the directed by the probation officer.

    b.    Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

### OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 27 day of January, 2009.

*Earl S. Hines*
_____
Earl S. Hines
United States Magistrate Judge